AMY, J.,
dissenting on rehearing.
hAs in the original appeal, I respectfully dissent from the majority on rehearing. See Walker v. Hebert, 13-495 (La.App. 3 Cir. 2/12/14), 2014 WL 576243 (an unpublished opinion). Certainly, the critical inquiry in this case is whether the Essentia policy, entitled a “Classic Automobile Policy,” excluded coverage for Mr. Hebert while driving a vehicle other than the named, “1969 Chevrolet Camaro” which was destroyed prior to the subject accident. Unlike the majority, I find no ambiguity in the exclusions. Further, I find that this classic automobile policy operates within the confines of pertinent legislation.
In listing its exclusions and as thereafter amended by its “Amendment of Policy Provisions — Louisiana!,]” the Essentia policy excludes liability coverage for any insured:
8. Using:
[[Image here]]
b. Any vehicle, other than “your covered auto”, without the express or implied permission of the owner of such vehicle.
Thereafter, Exclusion Number 10, excludes liability:
10. Arising out of ownership, maintenance, or use of any vehicle other than “your covered auto”.
|2In my view, these exclusions simply address different factual circumstances. Pertinent to this case, Exclusion Number 10, which was not altered by either the Louisiana Conformance Endorsement or a subsequent amendment, excludes liability *123 coverage for an “insured” “[a]rising out of the ownership, maintenance, or use of any vehicle other than ‘your covered auto’.” Exclusion Number 8, however, is invoked by a different factual situation, i.e., one where permissive use is the focus. I do not see that any purported contradiction between the two exclusion implies coverage. See Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191 (wherein the supreme court explained that an insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond that reasonably contemplated by its terms).
Rather, the Classic Automobile Policy clearly envisioned coverage limited to the unique use of a named, antique or classic car. The declaration sheet lists liability coverage limits of $100,000 per accident for bodily injury and property damage, $1,000 per person/per accident for medical payments, and $30,000 per accident for uninsured motorists bodily injury. Yet, the declaration sheet reports a charge of only $33 for bodily injury and property damage, $7 for uninsured motorists bodily injury. The remainder of the $292 total policy premium related to the policy’s coverage for damage to the Camaro.
I further disagree with the plaintiffs assertion, and the lead opinion’s determination, that the classic automobile policy is contrary to pertinent legislation. This policy defines “antique vehicle” and “classic vehicle” as follows:
J. “Antique vehicle” means a motor vehicle 25 years or more of age that:
1. Is maintained primarily for use in car club activities, exhibitions, parades, other functions of public interest or for a private collection and.
2. Is used only infrequently for other purposes.
|SK. “Classic vehicle” means a motor vehicle of unique or rare design and of limited production that is an object of curiosity and:
1. Is maintained primarily for use in car club activities, exhibitions, parades, other functions of public interest or for a private collection; and
2. Is used only infrequently for other purposes.
Importantly, this infrequent, limited use of the antique/classic vehicle described by the policy’s definitions mirrors an exception to the mandatory liability limit of La. R.S. 32:861, which requires that:
A. (1) Every self-propelled motor vehicle registered in this state except ... those used primarily for exhibit or kept primarily for use in parades, exhibits, or shows, ... shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2); or 900(M)....
(Emphasis added.) This legislative accommodation for a policy tailored for exhibit/parade automobiles undercuts the argument made in this case that the Essentia classic automobile policy is against public policy.
Similarly, and although the plaintiffs suggest that application of Exclusion Number 10 would contravene the public policy considerations of La.R.S. 32:900(0, both the classic automobile policy and the statutory framework seemingly accommodate that type of exclusion. Louisiana Revised Statutes 32:900 generally sets forth various requirements for a motor vehicle liability policy, with Paragraph C requiring that:
Such operator’s policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for *124 damages arising out of the use by him of any motor vehicle not owned by Mm, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner’s policy of liability insurance.
(Emphasis added.) Importantly, however, La.R.S. 32:900(J) provides that: “The requirements for a motor vehicle liability policy may be fulfilled by the policies of 14one or more insurance carriers which policies together meet such requirements.” (Emphasis added.)
The Essentia policy, in fact, anticipates that multiple, complimentary policies will provide coverage to the insured. Reference to “Part F — General Provisions” of the Essentia policy reveals the requirements) that:
REGULAR USE VEHICLE REQUIREMENT
This policy provides coverage for your “antique vehicle” and/or “classic vehicle” shown in the Declarations. You must own a “regular use vehicle” which must be insured, by a separate insurance policy which must be in effect for the entire time this policy is in effect. In no event will this policy serve as your only auto coverage.
[[Image here]]
OTHER INSURANCE POLICIES
This policy provides coverage for your “antique vehicle” and/or “classic vehicle” and applies only to the vehicle(s) shown in the Declarations. Any other vehicles you own should be insured by a separate policy. In no event will this policy provide coverage for any vehicles other than those shown in the Declarations, or which are added to this policy by endorsement.
Thus, the policy not only anticipates, but requires a co-existing regular use vehicle automobile policy. I conclude that the regular use vehicle automobile policy and the classic automobile policy could, together, satisfy the omnibus requirement of La. R.S. 32:900(C) as permitted by La.R.S. 32:900(J). As an aside, I note that the plaintiffs’ petitions in this matter allege that Mr. Hebert was insured by both Farm Bureau and State Farm automobile liability insurance policies.
Finally, the plaintiffs contend that La. R.S. 32:861(A)(l)’s exception for vehicles used primarily for use in parades, exhibits, or shows is inapplicable in this case as Mr. Hebert testified in his deposition that he used the 1969 Camaro for periodic drives, had used the car only once for a parade, and did not attend exhibits or shows. Similarly, the lead opinion suggests that Mr. Hebert used the Camaro as a hobby car instead. However, that point is irrelevant in my opinion and is | r,distracting from the true issue now involved. Simply, Essentia did not seek to avoid coverage due to an alleged lack of compliance with the terms of the classic automobile policy by Mr. Hebert and, in fact, the Camaro, hobby or not, had been destroyed before the subject accident. Rather, Essentia filed its motion for summary judgment on the basis that its classic automobile policy did not provide coverage due to the limited nature of the policy and by operation of Exclusion" Number 10. Certainly, it cannot be argued that the Essentia policy would somehow provide coverage for conduct outside of its terms, conditions, and exclusions.
For these reasons, I respectfully dissent. On rehearing, I reiterate that I would vacate the summary judgment entered in favor of the plaintiffs, deny that motion, and enter summary judgment in favor of Essentia.